# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.                                              No. 24-5762

Edwin Santiago,

    Defendant Appellant

On Appeal from the United States District Court
for the Middle District of Tennessee

## APPELLANT'S PETITION FOR PANEL REHEARING FOR EDWIN SANTIAGO

Submitted By: Manuel B. Russ
(BPR #23866)
Attorney for Appellant
340 21st Avenue North
Nashville, Tennessee 37293
russben@gmail.com
(615) 329-1919

# TABLE OF CONTENTS

TITLE PAGE……………………………………………………………………….i

TABLE OF CONTENTS…………………………………………………………..ii

TABLE OF AUTHORITIES..................................................................................ii

STATEMENT FOR PANEL REHARING …….....................................................1

BACKGROUND……………………………………………...........2

ARGUMENT...........................................................................................3-5

CONCLUSION..................................................................................................6

CERTIFICATE OF COMPLIANCE..................................................................6

CERTIFICATE OF SERVICE............................................................................6

# TABLE OF AUTHORITIES

CASES                                                                                                          PAGE

*Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)………………..3

*United States v. Caicedo*, 85 F.3d 1184, (6th Cir. 1996)………………………….3

*United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973)…3

STATUTES AND OTHER AUTHORITIES

Fourth Amendment of the United States Constitution……………………………4

# **STATEMENT FOR PANEL REHEARING**

The panel decision in this matter creates a precedent that compels this Court and district courts in this Circuit to equate the quantum of evidence necessary to establish reasonable suspicion that criminal activity is ongoing detected from the odor of marijuana to the degree of evidence necessary to establish probable cause to arrest an individual merely on the localized smell of marijuana.

Mr. Santiago respectfully requests the Panel to rehear his issues relating to the denial of his motion to suppress in light of various facts Mr. Santiago believes the Panel failed to properly account for in its Opinion of June 6th, 2025. Fed. R. App. P. 40(b)(1). The Panel's decision in this matter, which affirmed the District Court's decision to deny Mr. Santiago's motion to suppress the seizure of his person without adequate justification and the subsequent search of his personal that revealed inculpatory evidence leading to the instant charges, was based on an erroneous interpretation of the facts adduced at Mr. Santiago's motion to suppress.

The use of the smell of marijuana alone as a basis to arrest a person for possessing marijuana, regardless of any other evidence to establish that possession and given the prevalence of this particular allegation as the basis for law enforcement interaction with a citizen, is insufficient, improper and will lead to inappropriate use. The Panel should reconsider its decision in light of this pleading.

# BACKGROUND

Mr. Edwin Santiago was convicted by a jury in the Middle District of Tennessee of possession of a firearm by a prohibited person in violation of 18 U.S. § 922(g) and sentenced to a term of 56 months confinement and a term of three years of supervised release. (R. 184, Judgment). His conviction and sentence were affirmed by the Panel Opinion. *United States v. Santiago*, No. 24-5762, (6th Cir. June 6, 2025) (Attachment 1). Mr. Santiago challenged, among other issues, the ruling of the District Court relating to its denial of his motion to suppress the fruits of the illegal seizure of his person and subsequent search as well as the sentencing in his case, but the Panel rejected all of Mr. Santiago's arguments.

# **ARGUMENT**

In reviewing the Opinion, Mr. Santiago would note that the Panel reached a conclusion that established a precedent for the Circuit that is contrary to case law related to the sufficiency of evidence to establish probable cause for arrest on the basis of suspected possession of marijuana and did so while ignoring numerous the factual distinctions that should have resulted in a different outcome had they been properly addressed.

As this Court knows well, a warrantless arrest is constitutionally valid if, "at the moment the arrest was made, the officers had probable cause to make it - whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); see also *United States v. Caicedo*, 85 F.3d 1184, 1192 (6th Cir.1996) ("Police may arrest a person without a warrant if they have probable cause at the time of the arrest to believe that the person has committed or is committing a crime."). After a lawful arrest based on sufficient probable cause is made, law enforcement is then permitted to search the individual's person without the necessity of a warrant. *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) (after "a lawful custodial

arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment").

The Panel's decision stated that the alleged smell of marijuana alone created probable cause to arrest Mr. Santiago for the offense of possession leading to the subsequent search. (Opinion Pp. 6-8) This conclusion ignores various other factors solicited from the Government's witnesses that demonstrate the factually unsupported reasoning of this conclusion. Despite testifying that the arresting officers smelled marijuana coming from Mr. Santiago's person and from the vehicle he drove, a subsequent search of the vehicle, conducted pursuant to a search warrant, revealed only a small tubular containing hold approximately 2 grams of fresh marijuana and no paraphernalia to use to smoke the marijuana or any indicia that Mr. Santiago had actually smoked marijuana in the vehicle. (Suppression Hearing Transcript, R. 47, PageID#172-173&194-195&225) No marijuana was recovered from Mr. Santiago's person and the arresting officers, despite alleging that he was being arrested for being intoxicated while possessing a firearm, did not perform any field sobriety tests that could have confirmed their suspicion of his intoxication. (Suppression Hearing Transcript, R. 47, PageID#199-200)

Further, the Panel's Opinion misstated that Mr. Humble, the proprietor of the car lot, corroborated the officer's assertions that Mr. Santiago and his vehicle smelled of marijuana. When asked if he could "smell an odor in the air that could

4

be marijuana?" near Mr. Santiago in the parking lot, all Mr. Humble could affirm was "I believe I said it could have been, yes." (Suppression Hearing Transcript, R. 47, PageID#146:11-15)  This is well short of the assertion in the Opinion that Mr. Humble "corroborated this by testifying that he also smelled an odor like marijuana around Santiago and his car." (Opinion P. 4)  All of these facts are relevant and contrary to Panel's conclusion that the smell of marijuana, standing alone, justified the arrest of Mr. Santiago for the possession of marijuana which then permitted the subsequent search of Mr. Santiago as no other piece of evidence obtained corroborated the conclusion that he was possessing marijuana at the time of his arrest but in fact demonstrated the contrary position.

In addition to these relevant and overlooked facts, as noted above, the focus of the Panel's Opinion was that Mr. Santiago's arrest was justifiable because circumstances supported the conclusion that there was sufficient probable cause to arrest him for the offense of possession of marijuana.  This reasoning additionally ignores the clear assertion by both officers that they did not believe that they were arresting Mr. Santiago for the offense of possession of marijuana but rather resisting a stop/frisk or being intoxicated while possessing a firearm or both.  (Suppression Hearing Transcript, R. 47, PageID#168&210)  The Panel, in its opinion, elected to find probable cause for an offense that neither arresting officer believed they had at the time of the incident.

5

## CONCLUSION

This Court should grant Edwin Santiago's petition for a panel rehearing because the issues outlined above warrant review by the Panel of its decisions in light of the factual issues outlined about. The Panel should grant a rehearing to Mr. Santiago to address these factual issues in light of their legal conclusions.

Respectfully submitted,

s/ Manuel B. Russ

Manuel B. Russ
340 21st Avenue North
Nashville, Tennessee 37203
(615) 329-1919

## CERTIFICATE OF SERVICE

I hereby certify that on June 16th, 2025, I electronically filed this Petition for Panel Rehearing with the Clerk, U.S. Court of Appeals for the Sixth Circuit, which will send a Notice of Electronic Filing to: Ms. Brooke Farzad, Assistant United States Attorney, Office of the U.S. Attorney, 719 Church Street, Suite 3300, Nashville, TN 37203.

/s/ Manuel B. Russ
MANUEL B. RUSS

## CERTIFICATE OF COMPLIANCE

I certify that this Petition for Panel Rehearing complies with the requirements of the type-volume limitation of Fed. R. App. P. 35(b)(2) as it contains 1135 words. In certifying the number of words in the brief I have relied on the word count of the word-processing system used to prepare the brief.

/s/ Manuel B. Russ
MANUEL B. RUSS